[No. 3695–II.  Division Two.  April 30, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN JAMES INGHAM, *Defendant*, DAVID ROYAL BROWN, *Appellant*.

*Charles W. Talbot,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, J.—Defendant David R. Brown appeals from his conviction of first–degree kidnapping (RCW 9A.40.020) and first–degree rape (RCW 9.79.170).[1] Three issues are presented on appeal.

1. Was the kidnapping incidental to the rape, requiring a dismissal of the kidnapping charge?

2. Should the jury have been instructed so that it could factually determine that the kidnapping was incidental to the rape?

3. Was the proof sufficient to establish either first–degree kidnapping or first–degree rape? The victim never observed a deadly weapon, although she was verbally threatened with the use of a knife. We affirm the conviction of first–degree rape, but order dismissal of the first–degree kidnapping charge.

The victim and a girlfriend, both high school students, were walking to their high school dance on the evening of March 31, 1978. After walking some distance, they passed a car parked along Farwest Drive in the Lakewood area of Tacoma. Suddenly a man jumped from the vehicle, ran up to them, and sprayed the eyes of both girls with mace. The victim was temporarily blinded, and the man, John Ingham, dragged her to the car, where defendant helped him push her into the back seat. The victim's girlfriend was not totally blinded, and managed to escape from the scene.

---

[1] Now RCW 9A.44.040, effective July 1, 1979.

While Ingham and the victim struggled in the back seat, defendant started the car and drove north on Farwest Drive toward Steilacoom Boulevard. The victim began screaming just before reaching that street, and defendant told Ingham, "You have that knife, use it." Upon hearing this, the victim stopped screaming.

At Ingham's direction, defendant drove along Steilacoom Boulevard and then Elwood Drive until they reached a dark place in Steilacoom Park, where they stopped and got out of the car with the victim. Defendant remarked that he would bring along a rope in case she tried to escape. After they had walked a short distance, Ingham disrobed the victim and attempted to rape her, without success. When Ingham was unable to penetrate the victim, he released her and defendant did rape her. They heard sirens in the distance, whereupon defendant also released the victim, and Ingham told her, "If you tell anybody about this, I'll kill you. I've killed people before, you know." Ingham and defendant fled, leaving the victim at the scene.

Defendant took the stand in his own defense. He testified that he was somewhat affected by marijuana on the night in question, and that it was Ingham's idea to follow and pick up the girls. Defendant declared he did not know what Ingham intended to do with the girls when he accosted them, and defendant tried to dissuade him. He testified that he went along with the incident because he was in a trance and "I guess I was all wrapped up in the excitement of following the girls around." After Ingham pushed the victim into the car, he ordered defendant to drive. Defendant testified that when the victim's screams began to bother him, he tried to trick her into silence by the knife threat. He denied having a weapon of any kind at the time. With reference to his intentions, defendant testified as follows on cross-examination:

Q Are you telling this jury that you never had any inkling or suspicion that rape was contemplated on this particular date?
A On this night I didn't.

Q And yet you want the jury to understand that you had no idea there was going to be any kidnapping or rape involved at this point.

A I did not think it possible of him to actually commit something like that. I thought it was just a big game he was playing, like playing army or something.

Q As you drove the girl then down Farwest Drive to the north, were you still opposed to this kidnapping and rape?

A Well, we had already kidnapped her and I didn't know what was going to go from there.

As they were driving down Farwest Drive toward Steilacoom Boulevard, defendant described his intentions as follows:

A Well, I had never intended to rape her. It was just that during all this happening it was like we were commandos moving out, performing something daring, and we were getting away with it, so I felt relaxed, type thing.

The trial court gave instructions defining and outlining the elements of first–degree rape and first–degree kidnapping. Also given were instructions properly defining "deadly weapon" and "abduction" as well as an accomplice instruction. The court refused defendant's requested instruction on second–degree rape, and refused to add the following italicized language to the elements instruction on first–degree kidnapping.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty, *unless you also find that the kidnapping is only incidental to the commission of another crime.* If you find the latter to be true, then you must return a verdict of not guilty.

Defendant contends alternatively that the kidnapping charge merged into the first–degree rape conviction as a matter of law, or that the jury should have been allowed by instruction to determine that the kidnapping charge merged with the rape charge.

The subject of these contentions was dealt with extensively by the Supreme Court in *State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979). There the defendant was charged with first–degree kidnapping and first–degree assault, as well as first–degree rape. The charges arose from an incident in which two teenage girl hitchhikers were picked up by the defendant and voluntarily went with him to his home to drink wine and smoke marijuana. While there, defendant locked the house, accosted the girls with a knife, and forcibly raped one and then the other. Subsequently he took one girl to a wooded area near the home, where he again raped her under threat of his knife. Conviction on all three charges followed, and the trial court imposed sentences for each offense, to be served concurrently.

The Supreme Court vacated the kidnapping and assault convictions, ruling that those crimes had no independent purpose or effect and became merged in the completed crime of first–degree rape. The latter conviction was affirmed. Defendant contends *Johnson* is dispositive here, and the kidnapping conviction cannot stand.

■ We agree with the rationale of *Johnson* that the new criminal code, RCW Title 9A, by creating more clearly defined degrees of crimes, demonstrated the intention of the legislature to remove the occasion for pyramiding crimes which had in the past resulted in unjust and oppressive multiple punishments for a single offense. The court also recognized the potential double jeopardy problem inherent in punishing more than once for a single act. *Brown v. Ohio*, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977).

In summary, the *Johnson* court stated:

> As we read the statutes, the legislature intended that conduct involved in the perpetration of a rape, and not having an independent purpose or effect, should be punished as an incident of the crime of rape and not additionally as a separate crime.

*State v. Johnson*, 92 Wn.2d at 676.

We note initially that the instructions pertaining to first-degree rape required the jury to find, along with the other element of sexual penetration, that the victim was either kidnapped or threatened with the use of a deadly weapon. Likewise, the first–degree kidnapping instructions required the jury to find that the abduction was done to facilitate the rape or to inflict injury to the victim's person. But for the possible weapons element, the two first–degree counts were totally dependent upon each other.

As we read *State v. Johnson, supra* at 680, when it is necessary to prove one of the crimes specified in the statute (here kidnapping) as an element of the first–degree rape, then the kidnapping conviction may not be allowed to stand "unless it involves some injury to the person . . . of the victim . . . which is separate and distinct from and not merely incidental to the crime of which it forms an element" (first–degree rape). The test of *Johnson* applied here then is whether the kidnapping resulted in some injury "independent of or greater than the injury of rape."

We are hard pressed to find such evidence of independent or greater injury here where the crimes and their effect were so closely related. The State asks that we consider the time and distance factor as well as defendant's statement that he did not form an intention to rape until after the abduction was well under way.

While the movement of the victim prior to the rape was certainly greater in this case than it was in *Johnson,* we are reluctant to sanction such a tenuous distinction alone as the basis for allowing both convictions to stand. Where should the line be drawn? Should it be a 1–mile distance or 1–hour lapse of time between the abduction and the rape, or should it be some greater or lesser measure of distance or time?

Moreover, we are reluctant to enunciate a rule by which a defendant who acknowledges his rape intentions from the beginning of an abduction is more favorably treated by the law than a defendant who declares that he formulated such

intentions at some later time. Such rules fixing time or distance alone or a defendant's stated motives as the criteria for allowing charges to be pyramided would do nothing but add confusion in an area where the law should require more certainty. The two crimes here were so closely interrelated, and the injury to the victim so indistinguishable that we believe, under *State v. Johnson, supra,* the crime of first-degree kidnapping merged in the completed crime of first-degree rape.[2]

Similarly to *Johnson,* there appears to be no injustice to defendant in this case if we strike the conviction of first-degree kidnapping in order to remedy the trial court's failure to direct the jury to acquit the defendant on the kidnapping charge, if it returned a verdict of first–degree rape.

The only remaining assignment of error is that there was no use of or threat to use a deadly weapon in the rape, because the State failed to prove the existence of a knife over 3 inches long. RCW 9.95.040(2). The argument is then made that the evidence was insufficient to establish one of the alternative elements of first–degree rape.

The court instructed the jury that a "deadly weapon" means any weapon, device, or instrument which under circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily harm.

Defendant's argument lacks substantial merit. Any knife may be a deadly weapon under the circumstances, regardless of its length. *State v. Cobb,* 22 Wn. App. 221, 589 P.2d 297 (1978); *State v. Braun,* 11 Wn. App. 882, 526 P.2d 1230 (1974). The circumstances in this case were that defendant threatened the use of a knife in order to silence

---

[2]There may, of course, be instances in which kidnapping and rape do have an independent purpose and effect on the victim because time, distance, and other factors are présent, or where some other criterion may be used to elevate one or the other crime to first–degree status. Under those circumstances, a properly instructed jury could convict a defendant of both crimes. We do not believe this to be such a case. *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979).

the victim's screaming. This threat carried with it an implication of death or serious bodily harm to the victim, although she did not see a knife. First–degree rape does not require use or display of the weapon. Threat of such use is sufficient.[3]

We affirm the conviction of the crime of rape in the first degree and the cause is remanded with direction to strike the kidnapping conviction and sentence.

REED, C.J., and ARMSTRONG, J. Pro Tem., concur.

Reconsideration denied June 2, 1980.

Review denied by Supreme Court September 5, 1980.

---

[3]RCW 9.79.170 provided in part:

"(1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person not married to the perpetrator by forcible compulsion where the perpetrator or an accessory:

"(a) Uses or threatens to use a deadly weapon;"