[No. 5235-1-II. Division Two.   June 7, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. LEUMAL HENTZ, *Appellant.*

*L. Frank Johnson,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Michael Johnson, Deputy,* for respondent.

REED, C.J.—Leumal Hentz appeals his convictions for rape in the first degree, robbery in the first degree, kidnapping in the second degree, taking a motor vehicle without permission and intimidating a witness. For the reasons that follow we affirm all convictions except for the first degree rape.

Although the facts are disputed, a jury reasonably could have concluded that the following events took place. On June 21, 1980, Hentz met victim 1 at a 7–11 store located in Lakewood. He told victim 1 that his car was disabled with a run–down battery and asked if she would provide a "jump" from her car. Victim 1 agreed and maneuvered her car into position in front of defendant's vehicle. Hentz then advised her that the jump would not work and asked her for a ride to Military Road. While en route Hentz announced, "This is a stickup," and stuck what felt, according to victim 1, like the end of a gun in her ribs. Defendant then took over operation of the vehicle and drove to an isolated area where he pushed victim 1 out of the car, tore off her clothes, and began to beat her. Victim 1 feigned unconsciousness and Hentz drove off in her car.

On July 2, 1980, victim 2 was walking home on South Tacoma Way. Hentz offered victim 2 a lift in his car. When victim 2 entered the vehicle, defendant drove instead to his own apartment, took victim 2 inside and forced her to perform fellatio at gunpoint. He also robbed her of money and jewelry. Victim 2 escaped and returned shortly with police. She identified a toy pistol found in defendant's apartment as the weapon Hentz used to threaten her.

Over defendant's objections, charges of kidnapping in the second degree and taking a motor vehicle without permission arising out of the first incident were joined with charges of rape in the first degree and robbery in the first degree arising out of the second occurrence. Hentz was also charged with intimidating a witness because of a telephone

threat he allegedly made to victim 2. At trial Hentz asserted an alibi defense with respect to the first incident and a credibility defense with respect to the second. A jury returned guilty verdicts on all five counts.

■ We first address the joinder issue, keeping in mind that whether all five counts were properly joined under CrR 4.3 is a question of law subject to full appellate review. *Cf. United States v. Werner*, 620 F.2d 922 (2d Cir. 1980) (construing analogous Fed. R. Crim. P. 8). Moreover, if joinder was proper, the question of severance under CrR 4.4 is within the discretion of the trial court. *State v. Thompson*, 88 Wn.2d 518, 564 P.2d 315 (1977); *State v. Weddel*, 29 Wn. App. 461, 629 P.2d 912 (1981). Hentz argues that the two incidents were not sufficiently alike to permit joinder under "the same or similar character" provision of CrR 4.3(a)(1) urged by the State.[1] We disagree.

■ Some courts and commentators express the view that a very narrow construction of the "same or similar character" provision is desirable. They reason that such joinder is inherently prejudicial. *See, e.g., United States v. Foutz*, 540 F.2d 733 (4th Cir. 1976); 1 C. Wright, *Federal Practice* § 143, at 317–18 (1969). We believe the better view is to permit a broad joinder. *See State v. Thompson, supra.* This position comports with the important public policy of conserving judicial and prosecutorial resources. *United States v. Werner, supra.* Where it appears that otherwise proper joinder will unduly prejudice a defendant, it is still possible for the trial court to order severance under CrR 4.4.

---

[1]CrR 4.3 states in relevant part:

"(a) **Joinder of Offenses.** Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:

"(1) are of the same or similar character, even if not part of a single scheme or plan; or

"(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan;

"(3) improper joinder of offenses or defendants shall not preclude subsequent prosecution on the same charge for the charge or defendant improperly joined."

Here, contrary to defendant's assertions, there is sufficient similarity between the two incidents to justify joinder. Several common threads connect them. Both involved sexual assaults where a female victim was kidnapped from the same general locality. Both assaults occurred within a 2–week time span and involved the use of an automobile and the threatened use of a weapon.

■ Having established that joinder was proper under CrR 4.3, we turn now to defendant's contention that the trial court erred by refusing to grant severance under CrR 4.4. Although

> joinder of counts should never be utilized in such a way as to unduly embarrass or prejudice one charged with a crime, or to deny him a substantial right[,]

*Weddel,* 29 Wn. App. 464, we are mindful that it is the defendant who bears the heavy burden of demonstrating that the trial court's action was an abuse of discretion. *See United States v. Ochs,* 595 F.2d 1247 (2d Cir.), *cert. denied,* 444 U.S. 955, 62 L. Ed. 2d 328, 100 S. Ct. 435 (1979).

■ In support of his allegation of prejudice, defendant recites the usual litany of reasons why joinder of separate offenses may be prejudicial.[2] These bare assertions do not satisfy defendant's burden of demonstrating substantial prejudice—especially where, as here, the jury was instructed to decide each count separately as if there had been a separate trial. The only specific allegation of prejudice made by defendant is his assertion that he felt compelled to testify concerning the first incident—something he claims he would not have done had there been a separate trial. Defendant's claim that he would not have taken the stand with respect to the first incident is not sufficient to require severance absent a showing that he had important testimony concerning the second incident and a strong

---

[2]Joint trial of offenses is said to create a danger that (1) the jury may accumulate the evidence; (2) the defendant may be embarrassed in presenting conflicting defenses; and (3) the jury may conclude defendant has a propensity for crime. *See Drew v. United States,* 331 F.2d 85 (D.C. Cir. 1964).

reason for not testifying as to the first. *See State v. Weddel, supra.* Defendant made no such showing.

Defendant's next assignment of error concerns the toy pistol the State alleges was used to threaten victim 2. Hentz maintains that, as a matter of law, first degree rape cannot be committed by the brandishing of a toy pistol during the assault. The State contends that *State v. Ingham,* 26 Wn. App. 45, 612 P.2d 801 (1980), is dispositive. In *Ingham,* a rape victim was threatened with a knife she never actually saw. We held that "[f]irst–degree rape does not require use or display of the weapon. Threat of such use is sufficient." (Footnote omitted.) *Ingham,* 26 Wn. App. at 52. We adhere to our holding in *Ingham;* the threatened use of an *actual* deadly weapon is sufficient to satisfy RCW 9A.44.040.[3] What the State apparently fails to recognize is that in *Ingham* there was evidence from which a jury could have concluded that the assailants were armed with an actual knife. Here, the toy pistol, relied on by the State, is simply not a deadly weapon.[4]

We note from the record that Hentz allegedly told witness Colon that he had "fooled the cops"; that he had used a real pistol, not the toy pistol so positively identified by the rape victim. Thus, the State could have argued that there was evidence to fulfill the statute's requirement of an *actual* weapon. However, the State insisted that a toy weapon would suffice and argued thusly to the jury, after successfully resisting Hentz' request for an instruction defining "deadly weapon." *See State v. Sorenson,* 6 Wn. App. 269, 492 P.2d 233 (1972) (judge must, sua sponte, give

---

[3]RCW 9A.44.040 reads in relevant part:

"Rape in the first degree . . . (1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person not married to the perpetrator by forcible compulsion where the perpetrator or an accessory:

"(a) Uses or threatens to use a deadly weapon; . . ."

[4]If the Legislature intends to punish, as first degree rape, the display of a toy pistol during the commission of the assault, it need only adopt the language of RCW 9A.56.200(1)(b), whereby first degree robbery is satisfied by the display of "what appears to be a firearm or other deadly weapon".

jury a definition of deadly weapon where RCW 9.95.040 is invoked).

Here, an actual "deadly weapon" is an element of the crime which the State must prove, yet no instruction was given defining that term. We cannot therefore affirm this count merely because a jury might or could have found that Hentz used an actual gun, not the toy pistol.

Although we find merit in defendant's arguments concerning the toy pistol vis–a–vis the first degree rape statute, we find no merit in defendant's contention that these same arguments apply with equal force to his first degree robbery conviction. RCW 9A.56.200(1)(b) is satisfied by the display of "what appears to be a firearm or other deadly weapon". The toy pistol used here could hardly be more realistic in appearance.

Next, defendant directs our attention to the State's failure to volunteer information, concerning a prosecution witness, which may have had impeachment value. This alleged prosecutorial misconduct was discovered after the trial. Defendant informs us in his brief that "[s]ince this evidence related to impeachment of Mr. Colon it could not be the basis for a motion for a new trial." We will assume, because defendant does not enlighten us otherwise, that a timely motion for a new trial could have been made. We note also that CrR 7.6(a)(2) specifically provides that prosecutorial misconduct is a ground for a new trial. Defendant's failure to give the trial court an opportunity to consider this issue precludes it being raised for the first time on appeal. *State v. Wilson*, 29 Wn. App. 895 (1981).

Defendant's last assignment of error concerns the admission of certain photographs over his objection which depict minor injuries sustained by victim 1. We have examined the photographs and find them clearly relevant and noninflammatory. The assignment is without merit.

We affirm all convictions except for first degree rape,

which is reversed and remanded for further proceedings not inconsistent herewith.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied June 28, August 26, and October 18, 1982.

Review granted by Supreme Court November 8, 1982.