IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 28953-2-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 28955-9-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DIMITRI REY MANDAPAT, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — The juvenile court joined rape and molestation charges involving

three victims for a single trial after previously ruling that evidence from each incident

was admissible under ER 404(b) in the separate trials of the counts. Concluding that the

trial court properly joined the charges, we affirm.

FACTS

Dimitri Mandapat, age 16, was charged alternatively with the second degree rape

or third degree rape of victim A.D., who was age 14 at the time of the February 8, 2008

incident. Mr. Mandapat also was charged alternatively with the second degree rape or

third degree rape of K.M. occurring on March 5, 2008, and he faced the same charges

involving S.J. occurring on March 14, 2008. He also was charged with taking indecent

liberties with S.J. on March 18, 2008. The three counts involving K.M. and S.J. were charged in one document. The case involving A.D. was charged separately under a different cause number.

At a pretrial hearing on September 18, 2009, the court ruled that the evidence of the three incidents would be cross admissible in the two trials. The court found the evidence admissible under RCW 10.58.090 as well as ER 404(b), citing the common scheme or plan exception.

Twelve days later, the court granted a motion to join the two cases for trial over defense counsel's protests. Four months later, the charges were jointly tried before a judge in juvenile court. The defense did not move to sever charges. Mr. Mandapat was acquitted of the indecent liberties charge, but was convicted of one count of second degree rape of A.D. and two counts of third degree rape of both S.J. and K.M.

After receiving a standard range disposition, he timely appealed to this court.

## ANALYSIS

This appeal challenges the noted pretrial rulings admitting evidence of the other charged incidents and the decision to join the two files for trial. We need only address the latter challenge in light of our conclusion.

Joinder is proper under JuCR 7.9(a) and CrR 4.3(a) when two offenses are of the same character or are based on connected acts. Whether joinder was proper is a question

of law that this court reviews de novo. *State v. Bryant*, 89 Wn. App. 857, 864, 950 P.2d 1004 (1998). The joinder rule is construed expansively to promote the policy of conserving judicial resources. *Id.* However, the policy favoring joinder must be weighed in light of any prejudice to the defendant. *State v. Russell*, 125 Wn.2d 24, 63, 882 P.2d 747 (1994).

Mr. Mandapat agrees that the offenses were of the same character, but argues that it was the similarity of offenses that made joinder particularly prejudicial. He correctly notes that evidence of other sexual offenses is considered especially prejudicial. *E.g.*, *State v. Saltarelli*, 98 Wn.2d 358, 363, 655 P.2d 697 (1982). In determining whether there was prejudice from the joinder, courts consider (1) the strength of the State's case on each count; (2) the clarity of defenses; (3) court instructions to consider the charges separately; and (4) the cross admissibility of the evidence if the charges had not been joined. *Russell*, 125 Wn.2d at 63. Consideration of those factors leads to the conclusion that these cases were properly joined.

The State's cases were equally strong. The rape offenses all involved private conduct that the victims were able to describe clearly for the judge. This was not the situation where one charge was demonstrably weaker than the others. The second factor, clarity of the defenses, also favored joinder. None of the charges hindered the defendant's presentation of his defense on the other charges; all cases involved the

3

victim's word against the defendant's word. In two of the instances the defense was consent, while the defense was denial in the other count.

The third factor involves the availability of an instruction to ensure that the jury treated each offense separately. *Id.* This factor heavily favors joinder. In a bench trial, judges are presumed to follow the law and to consider evidence solely for proper purposes. *E.g., State v. Adams,* 91 Wn.2d 86, 93, 586 P.2d 1168 (1978); *State v. Miles,* 77 Wn.2d 593, 601, 464 P.2d 723 (1970); *State v. Bell,* 59 Wn.2d 338, 360, 368 P.2d 177 (1962). We are confident the court treated the offenses separately. The acquittal on the indecent liberties count further confirms that the court did not cumulate evidence, but did treat the counts separately.

The remaining factor is whether the evidence on each count was cross admissible on the other counts. For purposes of this analysis we will assume that the evidence was not admissible and this factor does not favor joinder.[1] Nonetheless, the other three factors all favor joinder and the fourth factor is not particularly prejudicial in a bench trial for the reasons just stated. We do not believe the judge would consider the evidence for improper purposes. The prejudice of this factor is also weakened by the fact that the

---

[1] It is for this reason that we need not independently consider the pretrial ER 404(b) ruling. Appellant agreed at oral argument that the evidence was admissible if the counts were properly joined. We note, however, that we are skeptical that the evidence would have been properly admitted under ER 404(b).

4

defendant never challenged the joinder of the two original rape charges involving K.M. and S.J. If joinder had been denied, those two counts would still have been heard together. There was not significant additional prejudice by adding the count involving A.D. to the trial of the charges concerning the other victims.

The trial court did not err in joining the offenses which were of the same character. CrR 4.3(a).

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Kulik, J.

_____
Siddoway, J.