# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                           )       No. 71564-0-I
          Respondent,      )
                           )       DIVISION ONE
     v.                    )
                           )       UNPUBLISHED OPINION
DAVID HAILEY, JR.,         )
                           )
          Appellant.       )       FILED: June 15, 2015

2015 JUN 15 AM 10: 15

COURT OF APPEALS DIV I
STATE OF WASHINGTON

TRICKEY, J. — A jury found David Hailey, Jr. guilty of two counts of attempting to elude a pursuing police vehicle. Hailey appeals, challenging the trial court's denial of his motion to sever the counts. Finding no error, we affirm.

## FACTS

On January 2, 2014, Snohomish County Sherriff's Deputy Ryan Phillips was driving southbound on Interstate 5 (I-5). While driving in the middle lane, he observed Hailey driving a blue Mustang in the adjacent right lane. Deputy Phillips recognized Hailey from previous contacts and had received information that he was driving a blue Mustang. Deputy Phillips knew that Hailey did not have a driver's license. When he pulled alongside Hailey's vehicle, Deputy Phillips rolled the passenger window down to verify that it was Hailey driving the vehicle. Deputy Phillips and Hailey looked directly at one another. Hailey slumped down in the driver's seat and pulled his baseball cap down to block Deputy Phillips from seeing his face.

Deputy Phillips contacted Deputy Lucas Robinson by radio and informed him of his plan to stop Hailey for a traffic violation. Deputy Robinson was driving in a separate patrol vehicle near Deputy Phillips on I-5. Deputy Phillips and Deputy

Robinson planned to stop Hailey in a manner that would preclude him from having the opportunity to flee. When Deputy Phillips accelerated his vehicle in front of Hailey, Hailey changed lanes. Deputy Phillips moved behind Hailey, but Hailey changed lanes again. Deputy Robinson moved behind Hailey and activated his vehicle's emergency lights while Deputy Phillips pulled in front of Hailey. The deputies were unsuccessful in in their efforts to confine Hailey against the guardrail; however, Hailey was able to take the exit from I-5 onto State Route (SR) 529. Deputy Phillips activated his emergency lights and siren and began to pursue Hailey on SR 529. Deputy Robinson was immediately behind Deputy Phillips with the emergency lights and siren activated.

Deputy Phillips was driving 98 miles per hour—the maximum speed his patrol vehicle could go—and was still unable to catch up to Hailey. Hailey was driving at approximately 115 miles per hour. About 30 seconds later, Deputies Phillips and Robinson lost sight of Hailey and terminated the pursuit.

Deputy Phillips advised dispatch to notify the Everett police that he was in pursuit of Hailey and that Hailey had entered North Everett. Deputy Phillips continued into Everett to search for Hailey. He eventually observed Hailey in an alley near a location where he believed Hailey had some contacts. Hailey appeared less than 100 yards in front of Deputy Phillips' patrol vehicle. When Deputy Phillips stopped the vehicle, Hailey looked at him and immediately fled on foot. Deputy Phillips notified dispatch and requested assistance in setting up a containment perimeter. The police were unable to locate Hailey. However, Deputy Phillips located the Mustang, which was parked two to three blocks from where

Deputy Phillips saw Hailey. Following a search of the vehicle, Deputy Phillips found four documents containing Hailey's name. The Mustang was not registered to Hailey.

Deputy Phillips had received information that Hailey was hiding out in a residence located in Everett and driving a purple Nissan rental car. On January 15, Deputy Phillips went to the residence in his unmarked patrol vehicle with the aim of arresting him for the January 2 incident. He observed a purple Nissan enter the alley near the residence and stop at a red light. He could see a male driver and a female passenger inside the vehicle. Deputy Phillips recognized Hailey as the driver. When Hailey turned onto another street, he accelerated the vehicle and turned off all of the exterior vehicle lights. Deputy Phillips activated the emergency lights and siren, signaling Hailey to pull over; however, he was unable to keep up with Hailey. Deputy Phillips terminated the pursuit.

On January 16, law enforcement officers went to a residence outside of Granite Falls to locate Hailey. As they approached, the officers observed Hailey exit the residence with another individual. After the officers identified themselves as police officers, the two ran inside the house. Hailey refused to exit the residence.

Deputy Phillips obtained a search warrant shortly thereafter and entered the residence to search for Hailey. The officers found Hailey hiding in the attic under pieces of insulation. They arrested Hailey.

The State charged Hailey with two counts of attempting to elude a pursuing police vehicle based on the January 2 and January 15 incidents.

Before trial, Hailey moved to sever the two counts for attempting to elude. The trial court denied the motion. Subsequently, on the first day of trial, Hailey renewed his motion to sever the counts. The trial court denied the motion again. The jury found Hailey guilty on both counts.

Hailey appeals.

## ANALYSIS

Hailey contends that the trial court erred by denying his motion to sever the attempting to elude a pursuing police vehicle counts. We disagree.

Under CrR 4.3's "liberal" joinder rule, the trial court has considerable discretion to join two or more offenses of "the same or similar character, even if [they are] not part of a single scheme or plan." CrR 4.3(a)(1); State v. Eastabrook, 58 Wn. App. 805, 811, 795 P.2d 151 (1990). Nevertheless, offenses properly joined under CrR 4.3(a) may be severed "if 'the [trial] court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense.'" State v. Bythrow, 114 Wn.2d 713, 717, 790 P.2d 154 (1990) (quoting CrR 4.4(b)). Prejudice may result from joinder where the defendant is embarrassed by the presentation of separate defenses, or if a single trial invites the jury to cumulate the evidence to find guilt or infer criminal disposition. State v. Russell, 125 Wn.2d 24, 62-63, 882 P.2d 747 (1994). A defendant seeking severance has the burden of demonstrating that "a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy." Bythrow, 114 Wn.2d at 718.

4

In determining whether the potential for prejudice requires severance, a trial court must consider four factors that may "offset or neutralize the prejudicial effect of joinder": (1) the strength of the State's evidence on each count, (2) the clarity of defenses as to each count, (3) the court's instructions to the jury to consider each count separately, and (4) the potential cross-admissibility of evidence on the other charges even if they were tried separately. State v. Sanders, 66 Wn. App. 878, 885, 833 P.2d 452 (1992); Russell, 125 Wn.2d at 63. "[A]ny residual prejudice must be weighed against the need for judicial economy." Russell, 125 Wn.2d at 63. We review a trial court's denial of a CrR 4.4(b) motion to sever counts for a manifest abuse of discretion. Bythrow, 114 Wn.2d at 717; State v. Bryant, 89 Wn. App. 857, 864, 950 P.2d 1004 (1998).

Each of these factors weighs against Hailey. With regard to the first factor, the record establishes that the evidence on each count was substantial and of equal strength. Evidence is sufficiently strong if it would allow a rational jury to find the defendant guilty of each charge independently. Bryant, 89 Wn. App. at 869. Deputies Phillips, Robinson, and another deputy who was an eyewitness to each eluding incident provided detailed testimony as to each count. Concerning the second factor, Hailey's asserted defense of general denial on each count was clear. As for the third factor, the trial court instructed the jury that it must consider each count separately. Such an instruction sufficiently mitigates any prejudice resulting from joinder. See, e.g., Bythrow, 114 Wn.2d at 723; State v. Cotton, 75 Wn. App. 669, 687-88, 879 P.2d 971 (1994).

Regarding the cross-admissibility of the evidence in separate trials, the fourth factor, the trial court found that the evidence for each count was cross-admissible for the other count to show identity of the driver. Where the issues are relatively simple and trial lasts only a few days, the jury can reasonably be expected to compartmentalize the evidence relating to separate charges. Bythrow, 114 Wn.2d at 721. Here, the trial lasted only two days and involved simple issues. The jury could reasonably be expected to compartmentalize the evidence.

The defendant must be able to point to specific prejudice from the trial court's failure to sever counts; any "residual prejudice" must still be "weighed against the need for judicial economy." Russell, 125 Wn.2d at 63. Hailey failed to demonstrate that any potential prejudice from joinder outweighed the concern for judicial economy.[1]

Affirmed.

Trickey, J

WE CONCUR:

---

[1] Hailey raises additional issues in his statement of additional grounds, none of which support relief on appeal.

6