IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78653-9-I |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| DEWAYLON LACY, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 24, 2020 |
| | ) | |

ANDRUS, J — DeWaylon Lacy appeals his conviction for bail jumping, arguing that the trial court erred in denying his pretrial motion to sever the bail jumping charge from his underlying domestic violence charges. We conclude that the charges were properly joined and that Lacy was not prejudiced by this joinder or by the trial court's refusal to later sever to the charges. We thus affirm Lacy's conviction.

## FACTS

DeWaylon and Chandra Lacy, married with two young children, got into an argument on the morning of May 30, 2017. Chandra[1] testified that she told Lacy that morning that she wanted a divorce. She stated that Lacy yelled at her for hours, would not let her leave the home, and pushed her and grabbed her arm

---

[1] For purposes of this opinion, we refer to Chandra Lacy by her first name to avoid confusion. We mean no disrespect.

every time she tried to leave. Lacy testified that when Chandra asked for a divorce, he became emotional and pleaded for her to stay, but he denied pushing her or preventing her from leaving the room or the home.

During these events, Chandra received a call from their daughter's school to inform her that the child had been injured at school and needed to be picked up. When Chandra and Lacy arrived at the school, Chandra asked school staff to call 911 because she was experiencing a domestic violence situation. School employee Debbie Stratton testified that she called 911 after seeing Chandra and hearing her pleas for help.

The State charged Lacy with one count of unlawful imprisonment, domestic violence, and one count of fourth degree assault, domestic violence. Lacy failed to appear for his March 2, 2018 trial call.

On May 31, 2018, the State moved to amend the charges to add a charge of bail jumping. But in anticipation of this motion, on May 8, 2018, Lacy moved to sever the bail jumping charge from the existing charges of unlawful imprisonment and fourth degree assault.

The trial court denied the severance motion and granted the State's motion to amend. It reasoned that the factual basis for the bail jumping charge only existed because of the initial information charging Lacy with unlawful imprisonment and fourth degree assault. It further noted that Lacy would not be prejudiced because the jury would be instructed to consider each count separately. Lacy renewed his motion to sever at the close of the State's case, and the trial court

denied the motion again, reasoning that the instructions were clear that the jury was to consider each count independently.

On June 6, 2018, the jury found Lacy not guilty of unlawful imprisonment, and fourth degree assault. It found him guilty of bail jumping. Lacy appeals.

ANALYSIS

Lacy contends that the trial court erred in joining the bail jumping charge with the underlying domestic violence charges under CrR 4.3(a) and in failing to sever the charges under CrR 4.4(b). We disagree.

CrR 4.3(a)(2) provides:

Two or more offenses may be joined in one charging document, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both . . . [a]re based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

This court reviews a trial court's decision on a pretrial motion for joinder for abuse of discretion. State v. Bluford, 188 Wn.2d 298, 305, 393 P.3d 1219 (2017). Where joinder is proper, the offenses "shall be consolidated for trial." Id. at 306.

But the trial court "shall grant a severance of offenses whenever . . . the court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense." CrR 4.4(b). Even if the charges are properly joined, a trial court may sever the charges "if doing so will promote a fair determination of the defendant's guilt or innocence of each offense, considering any resulting prejudice to the defendant." State v. Bryant, 89 Wn. App. 857, 864, 950 P.2d 1004 (1998). We review a trial court's refusal to sever for manifest abuse of discretion. Id.

We conclude that the trial court did not abuse its discretion in joining the bail jumping and the domestic violence charges under Bryant. In that case, the defendant Bryant was charged with second degree robbery and posted bond but failed to appear at an omnibus hearing. Bryant, 89 Wn. App. at 863. Bryant claimed he had missed the hearing because he had become confused about his court dates. Id. When the State subsequently sought to amend the information to add a bail jumping charge, the trial court granted the request and joined the two offenses for trial over Bryant's objection. Id. The jury found Bryant guilty of bail jumping, and found him not guilty of second degree robbery, instead finding him guilty of the lesser included crime of theft in the third degree. Id. Bryant appealed his conviction for bail jumping. Id.

On appeal, this court adopted the joinder test set out in United States v. Ritch, 583 F.2d 1179 (1st Cir. 1978):

> It is well established that a charge of bail jumping or escape may be deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges.

Id. at 866 (quoting Ritch, 583 F.2d at 1180-81). This court, however, determined that not all of the prongs had to be met in Washington "given Washington's strong policy in favor of conserving judicial and prosecution resources." Id. at 867. It concluded that the trial court had not erred in joining the bail jumping charge with Bryant's robbery charge because the acts were related in time, having occurred within four months of one another and the missed court appearance was a hearing stemming from the robbery charge. Id. It further noted that when a defendant

"fail[s] to appear when required at a hearing related to the underlying charge, the acts giving rise to the two charges are likely to be related in time." Id.

The present case is analogous. Lacy was initially charged with unlawful imprisonment on August 29, 2017[2] and failed to appear for his trial call on March 2, 2018. The State amended the charges to include bail jumping on May 31, 2018. Under Bryant, these three charges were sufficiently related in time, and Lacy's failure to appear stemmed directly from the unlawful imprisonment and assault charges. We conclude that the charged offenses were sufficiently connected to make joinder appropriate.

Alternatively, Lacy asserts that the trial court abused its discretion in denying his motion to sever the charges before and during trial. Our courts look to four factors to determine whether severance is necessary to avoid undue prejudice: "(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial." Bluford, 188 Wn.2d at 311-12 (quoting State v. Russell, 125 Wn.2d 24, 63, 882 P.2d 747 (1994)). A defendant seeking severance has the burden of demonstrating that a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy. State v. Bythrow, 114 Wn.2d 713, 718, 790 P.2d 154 (1990).

First, as to the strength of the State's evidence for each charge, the State presented testimony from Chandra, the only witness to the events leading to the

_____

[2] The State added the fourth degree assault charge in an amended complaint dated February 23, 2018.

- 5 -

underlying charges of unlawful imprisonment and assault. It also presented testimony from the school official who called 911 and who saw Chandra in distress, and from the law enforcement officials who interviewed Chandra at the school and Lacy at their home. The State also presented court records and witness testimony to support the bail jumping charge. Lacy admitted below that he missed his March 2 hearing date. The trial court did not abuse its discretion in determining that the evidence of all three charges was equal in strength.

Second, Lacy's defense to each of the three charges was a general denial. "The likelihood that joinder will cause a jury to be confused as to the accused's defenses is very small where the defense is identical on each charge." Russell, 125 Wn.2d at 64. There was no conflict in Lacy's defenses here.

Third, the court properly instructed the jury to consider each count separately. Jury Instruction 4 stated: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." Jurors are presumed to follow their instructions. State v. Emery, 174 Wn.2d 741, 754, 278 P.3d 653 (2012).

Finally, the trial court correctly noted that the evidence of Lacy's failure to appear for the March 2 hearing would not be cross admissible if the charges were tried separately. Under the bail jumping pattern jury instruction, the State must prove that the defendant had been charged or convicted of a crime. See 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 120.41, at 570 (4th ed. 2016) (WPIC). The jury here was instructed that the State had to prove that Lacy had been charged with unlawful imprisonment. But

evidence of the details of the domestic violence charges—such as the fight between Lacy and Chandra and the circumstances leading the school official to call 911—would not have been admissible in a separate bail jumping trial. Nor would evidence of the bail jumping be admissible in the domestic violence assault trial. But our Supreme Court has held that severance is not required in every case in which evidence of one count would be inadmissible in a separate trial of the other counts. Bythrow, 114 Wn.2d at 720. The fact that separate counts may not be cross-admissible does not necessarily represent a sufficient ground as a matter of law. Id. at 720. When a trial lasts only a few days and the issues are relatively simple, a jury can be reasonably expected to compartmentalize the evidence. Id. at 721.

Lacy has not demonstrated prejudice from the trial court's failure to sever the charges. The trial lasted only three days, and the issues were relatively simple. And the jury acquitted Lacy of the underlying crimes, despite being exposed to the bail jumping evidence. In Bryant, the jury found Bryant guilty of the lesser offense, despite the evidence of bail jumping. 89 Wn. App. at 868. The Bryant court reasoned that "[i]f anything, the jury's verdict demonstrates a lack of prejudice." Id. Here, the discrepancy is even greater—Lacy was *acquitted* of all the underlying charges and only found guilty of bail jumping. And Lacy admitted he missed the March 2 pretrial hearing. As in Bryant, this jury verdict is strong evidence that Lacy was not prejudiced by the trial court's refusal to sever the bail jumping charge from the underlying charges.

Finally, Lacy maintains that the trial court improperly excluded evidence that he had appeared for his other court hearings as a defense to his bail jumping charge. He argues that this evidence was relevant because it demonstrated his compliance with the court ordered appearances when he knew about them. We review a trial court's evaluation of relevance for manifest abuse of discretion. Russell, 125 Wn.2d at 78. "Discretion is abused only when no reasonable person would have decided the issue as the trial court did." Id.

Under RCW 9A.76.170(1), a person is guilty of bail jumping if he has been released by court order with knowledge that he must appear at subsequent court hearings and he fails to appear at any such hearing. There is a statutory defense to the charge: (1) "uncontrollable circumstances prevented the person from appearing;" (2) the person "did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear;" and (3) the person appeared as soon as these circumstances ceased to exist. RCW 9A.76.170(2).

Lacy admitted below that he signed a document informing him that he was required to appear for a hearing on March 2, 2018 at 1:00 PM and that he failed to appear on that date. Lacy did not contend that uncontrollable circumstances prevented him from making it to court that day. Instead, he testified that he had "a lot of things going on," including homelessness and unemployment, as his reasons for missing the court date. Forgetting about a hearing is not a defense to bail jumping. State v. Carver, 122 Wn. App. 300, 302, 93 P.3d 947 (2004).

The fact that Lacy attended several court hearings was not relevant to any element of the charged crime or to his defense to that charge. The Legislature

- 8 -

amended the bail jumping statute in 2001 to alter the *mens rea* requirement from knowingly failing to appear on a specific date to failing to appear after being released with knowledge of the requirement of a subsequent personal appearance before that court. 11A WPIC 120.41, Comment. "This change eliminates the need to establish that the defendant remembered the date of the hearing at the time he or she failed to appear." 11A WPIC 120.41, Comment. The fact that Lacy showed up for other court hearings was not probative of Lacy's *mens rea*. The trial court did not abuse its discretion in excluding this evidence.[3]

Affirmed.

WE CONCUR:

_Andrus, J._

_Bruun, J._

_Dwin M. J._

---

[3] Lacy has also submitted a pro se Statement of Additional Grounds for Review under RAP 10.10, in which he asserts a claim of discrimination. Because this argument is not supported by credible evidence in the record, we cannot review it. State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c). This issue, however, may be properly raised through a personal restraint petition. Id.